**STUDIO ELECTRICAL TECHNICIANS, LOCAL 728, Plaintiff,**

v.

**INTERNATIONAL PHOTOGRAPHERS OF the MOTION PICTURE INDUSTRIES, LOCAL 659, et al., Defendants.**

No. 76–2087–AAH.

United States District Court, C. D. California.

May 12, 1977.

Stephen Warren Solomon, Inc. by Richard Goldman, Marina Del Rey, Cal., for plaintiff.

Geffner & Satzman by Michael Posner, Los Angeles, Cal., for defendants.

FINDINGS OF FACT AND CONCLUSIONS OF LAW DENYING PRELIMINARY INJUNCTION

HAUK, District Judge.

This matter, having come on regularly at the hearing on May 2, 1977, at 10:00

a. m., on the Motion of Studio Electrical Technicians, Local 728, for Preliminary Injunction, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure; the Court having examined the Motion and opposition thereto, and all the pleadings and records on file herein; having heard all arguments of Counsel, makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. Plaintiff, Studio Electrical Technicians, Local 728, is a labor organization representing Studio Electrical employees.

2. Defendants, International Photographers of the Motion Picture Industries, Local 659, and the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada are labor organizations representing employees in the Motion Picture, Television, and Video Tape industries and each of them are named as Defendants in the above-captioned action.

3. The allegations contained in Plaintiff's Amended Complaint relate to internal union conflicts and the Constitution of the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada is not a contract within the meaning of Section 301(a) of the Labor-Management Relations Act, 29 U.S.C. 185.

4. At all times prior to bringing the instant action, Plaintiff had an opportunity pursuant to the Constitution of the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada to exhaust the remedies available to them which Plaintiff failed to do.

5. The following Conclusions of Law to the extent that they are determined to be Findings of Fact, are hereby incorporated by reference as though fully set forth herein.

## CONCLUSIONS OF LAW

1. The foregoing Findings of Fact, to the extent that they are deemed to be Conclusions of Law, are hereby incorporated by reference as though fully set forth herein.

2. Section 301(a) of the Labor-Management Relations Act, 29 U.S.C. 185, does not permit the Constitution of the International Alliance of Theatrical Stage Employees and Motion Picture Machine Operators of the United States and Canada and its local unions to be construed as a contract for jurisdiction by the Federal Courts.

3. Plaintiff lacks standing to bring this action as a result of its failure to exhaust the administrative remedies available to it pursuant to the Constitution of the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada.

Let judgment be entered accordingly.

## JUDGMENT

This matter, having come on regularly at the hearing on the Motion of Studio Electrical Technicians, Local 728, on May 2, 1977, at the hour of 10:00 a. m., the Court having reviewed the moving papers, and the documents and records in support thereof, the opposition thereto and all of the records and pleadings on file herein, and having made Findings of Fact and Conclusions of Law, be fully advised in the premises;

IT IS HEREBY ORDERED, JUDGED AND DECREED that the Motion for Preliminary Injunction of Studio Electrical Technicians, Local 728, be, and is hereby denied.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW GRANTING SUMMARY JUDGMENT

This matter, having come on regularly at the hearing on May 2, 1977, at 10:00 a. m. on the Motion of International Photographers of the Motion Picture Industries, Local 659 and the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure; the Court having examined the Motion and opposition thereto, and

all the pleadings and records on file herein; having heard all arguments of Counsel, makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. Plaintiff, Studio Electrical Technicians, Local 728, is a labor organization representing Studio Electrical employees.

2. Defendants, International Photographers of the Motion Picture Industries, Local 659, and the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada are labor organizations representing employees in the Motion Picture, Television, and Video Tape industries and each of them are named as Defendants in the above-captioned action.

3. The allegations contained in Plaintiff's Amended Complaint relate to internal union conflicts and the Constitution of the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada is not a contract within the meaning of Section 301(a) of the Labor-Management Relations Act, 29 U.S.C. 185.

4. At all times prior to bringing the instant action, Plaintiff had an opportunity pursuant to the Constitution of the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada to exhaust the remedies available to them which Plaintiff failed to do.

5. The following Conclusions of Law to the extent that they are determined to be Findings of Fact, are hereby incorporated by reference as though fully set forth herein.

## CONCLUSIONS OF LAW

1. The foregoing Findings of Fact, to the extent that they are deemed to be Conclusions of Law, are hereby incorporated by reference as though fully set forth herein.

2. Section 301(a) of the Labor-Management Relations Act, 29 U.S.C. 185, does not permit the Constitution of the International Alliance of Theatrical Stage Employees and Motion Picture Machine Operators of the United States and Canada and its local unions to be construed as a contract for jurisdiction by the Federal Courts.

3. Plaintiff lacks standing to bring this action as a result of its failure to exhaust the administrative remedies available to it pursuant to the Constitution of the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada.

Let judgment be entered accordingly.

## JUDGMENT

This matter, having come on regularly at the hearing on the Motion of International Photographers of the Motion Picture Industries, Local 659, and the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, on May 2, 1977, at the hour of 10:00 a. m., the Court having reviewed the moving papers, and the documents and records in support thereof, the opposition thereto and all of the records and pleadings on file herein, and having made Findings of Fact and Conclusions of Law, be fully advised in the premises;

IT IS HEREBY ORDERED, JUDGED AND DECREED that the Motion for Summary Judgment of International Photographers of the Motion Picture Industries, Local 659, and the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada be, and is hereby granted. There being no material issues of fact remaining to be litigated as against each Defendant, the said Defendants are entitled, as a matter of law, to Summary Judgment, and the same is hereby granted, together with all costs accrued herein.